Daniel S. Garner 14652
Geena Arata 17512
THE GARNER LAW FIRM
406 West South Jordan Parkway, Suite 250
South Jordan, Utah 84095
Phone: (801) 849-9300
dan@garnerinjurylaw.com
geena.arata@garnerinjurylaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GABRIELLA COLLETTE, for herself and on behalf of CHANNIN COLLETTE, an incapacitated person,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH STATE DEVELOPMENTAL CENTER; UTAH STATE DEPT. OF HUMAN SERVICES; STATE OF UTAH; JAROD SQUIRE;<br><br>Defendants. | **COMPLAINT AND**<br><br>**JURY DEMAND**<br><br><br>Civil Action No.<br><br>Judge: |

Plaintiff Gabriella Collette on behalf of Channin Collette, an incapacitated person, by and through their counsel, Daniel S. Garner and Geena Arata of The Garner Law Firm, hereby complain and allege against Defendants as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Gabriella Collette and Channin Collette ("Channin" or "Plaintiff") reside in Utah County, Utah.

2. Gabriella Collette is the guardian and conservator of Plaintiff Channin, an incapacitated person.

3. Defendant Utah State Developmental Center is a Utah governmental entity located in Utah County, Utah.

4. Defendant State of Utah is a governmental entity that oversees and manages the Utah Department of Human Services and Utah State Developmental Center.

5. Defendant Utah State Department of Health and Human Services is a Utah State Governmental Entity that oversees and manages the Utah State Developmental Center in Utah County, Utah.

6. Upon information and belief, Defendant Jarod (or Jaron) Squire is an individual who resides in Utah County, Utah, at all times relevant hereto, Defendant Squire was an employee of the Utah State Developmental Center within the Department of Human Services, an agency of the State of Utah, acting in the capacity of agent, servant, and employee of the State of Utah, and within the scope of his employment.

7. This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, 42 U.S.C. §§ 3604 and 3617, 20 U.S.C. §§ 1681-1688, and 42 U.S.C. § 12101.

8. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367(a).

9. The basis of this action involves an injury to Plaintiff Channin that occurred in Utah County, Utah, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

10. Plaintiffs complied with the State of Utah Notice of Claim Requirements. §63G-7-401 and §63G-7-402.

11. Venue and jurisdiction are therefore proper.

## GENERAL ALLEGATIONS

12. Plaintiff hereby incorporates all other allegations outlined in this Complaint as though fully set forth herein.

13. Plaintiff was injured as a result of sexual assault and battery by an employee of the Utah State Developmental Center in American Fork, Utah on February 26, 2024.

14. Plaintiff's injuries include but are not limited to physical, mental, and emotional injuries.

15. Plaintiff is an incapacitated person who resided full-time at the Utah State Developmental Center ("USDC").

16. Plaintiff is non-verbal and requires 24/7 care.

17. Plaintiff has a severe intellectual disability, autism spectrum disorder, and seizure disorder.

18. Plaintiff is unable to consent to sexual acts or touching due to his incapacitated state.

19. Defendant Squire was employed at USDC from approximately October 2023 to February 2024 as a caregiver to residents.

20. Defendant Squire was one of Plaintiff's caregivers at the facility.

21. Defendant Squire was found naked engaging in sexual activity with Channin in a bathroom on the facility property on February 26, 2024.

22. Defendant Squire stated to police that he had sexual contact with Plaintiff a few months prior when Plaintiff took off his clothes in front of Defendant Squire.

23. Defendant Squire admitted to sexually assaulting Channin three times as a resident, including the February 26, 2024, assault.

24. On information and belief, Defendant Squire sexually assaulted Channin many more times with and without penetration.

25. Defendant Squire was arrested and booked into the Utah County Jail on February 26, 2024, for forcible sodomy and two counts of forcible sexual abuse.

26. Plaintiff was severely and chronically injured due to the negligence of Defendants.

27. As a direct and proximate result of Defendants' negligence, Plaintiff was required to obtain medical care from various medical providers and incurred medical and incidental expenses.

28. As a further proximate result of Defendants' negligence, Plaintiff sustained damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care, as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

### CAUSE OF ACTION I: 42 U.S.C. § 1983, Substantive Due Process

29. Plaintiffs hereby incorporate all other allegations outlined in this Complaint as though fully set forth herein.

30. Defendant facility, acting under color of state law, violated the victim's constitutional rights, including the right to bodily integrity under the Fourteenth Amendment.

31. Defendant facility acted under the color of state law as Utah State Developmental Center is a state government agency.

32. Defendant facility's actions or omissions violated Channin's constitutional rights including the right to bodily integrity under the Fourteenth Amendment.

33. The violation resulted from a policy or custom of Defendant facility including but not limited to allowing employees to be alone with residents on the property.

34. The violation resulted from a deliberate indifference of Defendant facility.

35. Upon information and belief, there were prior instances and complaints of Defendant Squire's actions either with Channin or other residents.

36. As custodians of Channin, responsible for his safety and well-being, the Defendants had an affirmative duty to care for and protect Channin under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

37. The Defendants breached that duty because Defendant Squire's repeated sexual abuse of Channin who was incapacitated and completely unable to consent to such acts proximately caused his substantial and unnecessary physical and emotional harm.

38. The Defendants' actions and omissions were a substantial departure from the exercise of reasonable professional judgment, practice, and standards, were grossly negligent, and amounted to deliberate indifference to Channin's health and welfare.

39. The Defendants acted with deliberate indifference to, and callous disregard for, Defendant Squire's repeated sexual abuse of Channin

40. By virtue of the foregoing, the Defendants deprived Channin of clearly-established rights protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

41. Plaintiff sustained damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

## CAUSE OF ACTION II: Discrimination 42 U.S.C. §3604 and 3617

42. Plaintiffs hereby incorporate all other allegations outlined in this Complaint as though fully set forth herein.

43. Defendant Utah State Developmental Center is a dwelling, as defined by 42 U.S.C. § 3602(b).

44. Defendants had an obligation to ensure that Channin was not discriminated against because of his sex or disability in the provision of services at the Utah State Developmental Center and in the terms, conditions, and privileges of residing at the Utah State Developmental Center.

45. The Defendants had an obligation not to interfere with Channin's right to be free from discrimination because of his sex or disability in the provision of services at the Utah State Developmental Center and in the terms, conditions, and privileges of residing at the Utah State Developmental Center.

46. Channin was subjected to severe and pervasive sexual abuse at the Utah State Development Center that created a sexually hostile living environment. While living at the Utah State Developmental Center, Channin was repeatedly sexually assaulted by a male employee of the Utah State Developmental Center.

47. Defendants' actions, omissions, and misconduct proximately caused the severe and pervasive sexual harassment that Channin was forced to endure, which made the Utah State Developmental Center unavailable to Channin as a dwelling.

48. As a result of the severe and pervasive sexual harassment, Channin was deprived of the right to live at the Utah State Developmental Center free from sexual harassment.

49. As described above, the Defendants in effect made safe housing unavailable to Channin because of his sex, in violation of Section 3604(a) of the Fair Housing Act, 42 U.S.C. § 3604(a).

50. As described above, the Defendants interfered with Channin's right to be free from discrimination at the Utah State Developmental Center because of his sex by allowing Channin to be continuously sexually abused by an employee in violation of §3617 of the Fair Housing Act 42 U.S.C. § 3617.

51. By virtue of the foregoing, the Defendants deprived Channin of his right to be free from discrimination on the basis of sex at the Utah State Developmental Center, and Channin sustained the damages.

52. Plaintiff sustained damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care, loss of household services as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

## CAUSE OF ACTION III: Premise Liability

53. Plaintiffs hereby incorporate all other allegations outlined in this Complaint as though fully set forth herein.

54. Defendants, as the property owner, had a duty to maintain its premises in a reasonably safe condition and protect invitees (residents and visitors) from foreseeable harm.

55. Defendant facility is the only Utah facility to provide critical services and support for individuals (mostly adults) with disabilities.

56. Plaintiff Channin was an invitee, a lawful occupant of the Utah State Development center as a full-time resident.

57. Defendant Facility failed to take reasonable steps to prevent the sexual assault of Channin on the premises.

58. Upon information and belief, the harm was foreseeable due to Defendant Squire committing multiple sexual assaults on Channin

59. Defendant facility did not have proper hiring practices or security measures in place to prevent the acts of Defendant Squire or prevent its employees to be alone on the premises with vulnerable residents.

60. Defendants had actual or constructive knowledge of the risk of potential harm on its vulnerable residents.

61. Plaintiff sustained damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care, loss of household services as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

### CAUSE OF ACTION IV: Violation of Title IX 20 U.S.C. §§ 1681-1688

62. Plaintiffs hereby incorporate all other allegations outlined in this Complaint as though fully set forth herein.

63. Defendant facility is the only Utah facility to provide critical services and support for individuals (mostly adults) with disabilities.

64. Upon information and belief, Utah State Development Center is an educational institution that receives federal funding.

65. Upon information and belief, Defendant facility failed to address Channin's sexual assault or harassment within the Utah State Developmental Center.

66. Plaintiff sustained damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care, loss of household services as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

### CAUSE OF ACTION V: Violation of Americans with Disabilities Act (ADA)
### 42 U.S.C. § 12101

67. Plaintiffs hereby incorporate all other allegations outlined in this Complaint as though fully set forth herein.

68. Defendant facility failed to provide a safe and accessible environment for individuals with disabilities, violating the ADA.

69. Channin is a qualified individual with a disability.

70. Channin lives at Utah State Developmental Center.

71. The Utah State Developmental Center provides critical services for Utah's most vulnerable adults with disabilities.

72. Defendant facility is the only Utah facility to provide critical services and support for individuals (mostly adults) with disabilities.

73. Defendant facility failed to provide reasonable accommodations or protections to Channin

74. Plaintiff sustained damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care, loss of household

services as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

### CAUSE OF ACTION VI: Negligence

75. Plaintiffs hereby incorporate all other allegations outlined in this Complaint as though fully set forth herein.

76. Defendant Squire had a duty to use reasonable care and to refrain from physically and emotionally hurting Plaintiff.

77. Defendant Squire breached his duty by sexually and physically touching Plaintiff while employed at USDC.

78. It was reasonably foreseeable that Defendant Squire's actions would cause Plaintiff injury and damage, including the injuries he actually suffered and will suffer in the future.

79. Upon information and belief, Defendant Squire did not intend to physically and emotionally harm Plaintiff.

80. As a result of the breached duties discussed above, Defendant Squire directly and proximately caused Plaintiff injuries which resulted in damages.

81. Plaintiff sustained damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

## CAUSE OF ACTION VII: Gross Negligence

82. Plaintiffs hereby incorporate all other allegations outlined in this Complaint as though fully set forth herein.

83. Defendant Squire had a duty to use reasonable care and to refrain from physically and emotionally hurting Plaintiff.

84. Defendant Squire breached his duty by sexually and physically touching Plaintiff while employed at USDC.

85. It was reasonably foreseeable that Defendants' actions would cause Plaintiff injury and damage, including the injuries he actually suffered and will suffer in the future.

86. Defendant Squire's conduct was reckless and careless and constituted a conscious indifference to the consequences including the safety, life, and rights of others.

87. As a direct and proximate result of Defendant Squire's gross negligence, Plaintiff was required to obtain medical care from various medical providers and incurred medical and incidental expenses.

88. Defendant Squire's actions and failures constitute gross negligence because Defendant Squire failed to observe even slight care to Plaintiff.

89. As a result of the breached duties discussed above, Defendant Squire directly and proximately caused Plaintiff injuries which resulted in damages.

90. Plaintiff sustained damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care, loss of household services as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

## CAUSE OF ACTION III: Sexual Battery

91. Plaintiffs hereby incorporate all other allegations outlined in this Complaint as though fully set forth herein.

92. In the alternative to Plaintiff's negligence causes of action, Defendant Squire's sexual touching was intended to cause Plaintiff serious injury and realized such injury could result from his actions.

93. Defendant Squire intentionally and without consent touched Plaintiff's anus, buttocks, and genitals.

94. Defendant Squire knew or should have known that his conduct would likely cause affront or alarm to Plaintiff.

95. Defendant Squire has been charged with forcible sexual abuse under Utah Criminal Code 76-5-404 and forcible sodomy under Utah Criminal Code 76-5-403(2) which are sexual battery offenses referred to in Utah Criminal Code 76-9-70.1.

96. As a direct and proximate result of Defendant's harmful and offensive contact with Plaintiff, Plaintiff suffered damages which include, but are not limited to, physical and emotional injuries, loss of enjoyment of life, medical expenses, future medical care, loss of household services as well as other general and special damages, in an amount to be proven at trial, but in no case less than $300,000.00.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable under Utah Law.

**PRAYER FOR RELIEF**

Plaintiff requests a judgment against all Defendants as follows:

1. Based on Plaintiff's cause of action for violation of the Due Process clause of the Fourteenth Amendment, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special damages for injuries he sustained as a result of his injuries. Plaintiff is also entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

2. Based on Plaintiff's cause of action for violation of the Fair Housing Act, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special damages for injuries he sustained as a result of his injuries. Plaintiff is entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

3. Based on Plaintiff's cause of action for premises liability, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special damages for injuries he sustained as a result of his injuries. Plaintiff is also entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

4. Based on Plaintiff's cause of action for violation of Title IX, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special

damages for injuries he sustained as a result of his injuries. Plaintiff is also entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

5. Based on Plaintiff's cause of action for violation of the Americans with Disabilities Act, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special damages for injuries he sustained as a result of his injuries. Plaintiff is also entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

6. Based on Plaintiff's cause of action for negligence, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special damages for injuries he sustained as a result of his injuries. Plaintiff is also entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

7. Based on Plaintiff's cause of action for gross negligence, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special damages for injuries he sustained as a result of his injuries. Plaintiff is also entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

8. Based on Plaintiff's cause of action for sexual battery, Plaintiff is entitled to judgment for monetary damages against Defendants and in favor of Plaintiff for general and special damages for injuries he sustained as a result of his injuries. Plaintiff is also entitled to damages for reimbursement of medical expenses, ongoing pain and suffering, loss of enjoyment of life, and other damages still accruing with total damages in an amount to be established at trial but in no case less than $300,000.00.

9. For an award of attorney's fees and costs incurred in this action;

10. For pre-judgment and post judgment interest at the legal rates;

11. For punitive damages;

12. For such other and further additional relief as may be determined to be appropriate and as the Court may find just, equitable, and proper.

DATED March 19, 2025.

                                            **THE GARNER LAW FIRM**

                                            */s/ Geena Arata*
                                            Daniel S. Garner
                                            Geena Arata
                                            *Attorneys for Plaintiff*