IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GABRIELLA COLLETTE, for herself and on behalf of Channin Collette, an incapacitated person,<br><br>        Plaintiff,<br><br>v.<br><br>UTAH STATE DEVELOPMENTAL CENTER; UTAH STATE DEPARTMENT OF HUMAN SERVICES; STATE OF UTAH; JAROD SQUIRE,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 2:25-CV-00213-TS-JCB<br><br>District Judge Ted Stewart<br>Magistrate Judge Jared C. Bennett |

      This matter is before the Court on Defendants Utah State Developmental Center's, Utah State Department of Health and Human Services', and the State of Utah's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim. For the reasons discussed herein, the Court will grant the Motion.

## I. BACKGROUND[1]

      Defendant Jarod Squire was previously employed by the Utah Department of Health and Human Services ("DHHS") at the Utah State Developmental Center (the "Center"). Channin Collette is an incapacitated person with a severe intellectual disability, autism spectrum disorder, and a seizure disorder who resided full-time at the Center. Channin is non-verbal, requires 24/7 care, and is unable to consent to sexual acts. Defendant Squire was one of Channin's caregivers. On February 26, 2024, Defendant Squire was found engaging in sexual activity with Channin at

---

[1] All facts are taken from Plaintiff's Complaint, except those relating to Defendant Squire's criminal conviction and the internal structure of Utah Department of Health and Humans Services, of which the Court has taken judicial notice.

the Center. Defendant Squire later admitted to sexually assaulting Channin at least three separate times and was subsequently arrested. On March 4, 2025, Defendant Squire pleaded guilty to two counts of forcible sexual abuses, and one count of attempted forcible sodomy.[2]

Gabriella Collette, Channin's legal guardian and conservator, now brings claims on behalf of Channin (together, "Plaintiff") against the State of Utah ("Utah"), DHHS, and the Center (collectively, the "State Defendants"), and also against Jarod Squire, individually. Plaintiff alleges eight causes of action: violation of her Fourteenth Amendment substantive due process rights through § 1983 (Count I); violations of the Fair Housing Act (Count II); premise liability (Count III); violation of Title IX (Count IV); violation of the Americans with Disabilities Act (Count V); negligence (Count VI); gross negligence (Count VII); and sexual battery (Count VIII). From the Complaint, it appears that Plaintiff asserts Counts one through five against State Defendants; and Counts six through eight against Defendant Squire.[3] State Defendnats now seek dismissal of all claims asserted against them.

## II. LEGAL STANDARD

When evaluating a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[4] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[5] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] "A

---

[2] *State of Utah v. Jarod Spencer Squire* (Case No. 241100319); *see* Docket No. 10-2.
[3] *See* Docket No. 1 ¶¶ 75–96.
[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[7] Accordingly, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[8]

In considering a motion to dismiss, a district court considers the complaint, any attached exhibits,[9] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[10] The court may also consider other documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[11]

### III. DISCUSSION

*a. Utah State Developmental Center is not capable of being sued in its own name*

As a preliminary matter, State Defendants assert that because the Center is a program under DHHS, and not an independent entity, it is not subject to suit in its own name. State Defendants cite to and ask the Court to take judicial notice of Utah law describing the structure of DHHS. Plaintiff objects to the Court's review and reliance on any facts that were not included in Plaintiff's Complaint, including any information regarding DHHS, and the state criminal case docket for Defendant Squire. Otherwise, Plaintiff does not contest that the Center may not be named as a party.

---

[7] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[9] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[10] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[11] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

"Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."[12] Such facts include "proceedings in other courts, both within and without the federal judicial system,"[13] facts that are "a matter of public record,"[14] and the laws of any state.[15] Accordingly, for purposes of ruling on this Motion, the Court takes judicial notice of Defendant Squire's state criminal docket and the internal structure of and subdivisions within DHHS, as provided by Utah law.

Federal Rule of Civil Procedure 17 provides that "an action must be prosecuted in the name of the real party in interest."[16] Where, as here, State Defendants are neither individuals nor corporations, Rule 17 states that "capacity to sue or be sued is determined . . . by the law of the state where the court is located."[17]

Generally, "governmental subdivisions do not qualify as separate entities amenable to suit."[18] Utah law provides that DHHS "shall be considered the party in interest in all action at law or in equity, where the department or any constituent, board, *division*, office, or official

---

[12] *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citation omitted).

[13] *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citation omitted); *Stack v. McCotter*, 79 F. App'x 383, 391 (10th Cir. 2003) (recognizing that the court can take judicial notice of a state district court docket sheet) (citation omitted).

[14] *Tal*, 453 F.3d at 1264 n.24 (internal quotation marks and citation omitted).

[15] *Parker v. Parker*, 82 F.2d 575, 577 (10th Cir. 1936) ("The courts of the United States [may] take judicial notice of the laws of any state, both statutory and as declared by the highest court of the state.") (citation omitted).

[16] Fed. R. Civ. P. 17(a)(1).

[17] *Id*. 17(b)(3).

[18] *Kojima v. Lehi City*, No. 2:13-CV-000755-EJF, 2015 WL 4276399, at *4 (D. Utah July 14, 2015) (holding that Lehi City Prosecutor's Office and Lehi City PD were subdivisions of Lehi City and "thus are not amenable to suit") (citing *Martinez v. Wimmer*, 771 F.2d 424, 444 (10th Cir. 1958)); *see Fail v. W. Valley City*, No. 2:04-CV-1094 PGC, 2006 WL 842910, at *2 (D. Utah Mar. 28, 2006) (holding that West Valley City Police Department is not a separate legal entity with the capacity to sue or be sued).

thereof is authorized by any statute of the state to be a party to any legal action."[19] The Center is a program and facility within the Division of Services for People with Disabilities,[20] and that division is within DHHS.[21] Therefore under Utah law, DHHS is the proper "party in interest" where the Center has been authorized to be a party to a legal action.

Accordingly, the Court finds that the Center is not a legal entity capable of being sued under its own name and will dismiss all claims against it.

b. *Section 1983 Claim (Count I)*

Plaintiff argues that Defendants violated her Constitutional right to bodily integrity under the Fourteenth Amendment. In § 1983, Congress created a cause of action against a "person" who, under the color of state law, subjects another person to the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws."[22]

State Defendants argue they cannot be held liable because neither the State nor DHHS are subject to suit under § 1983. Indeed, the Supreme Court holds that "a State is not a 'person' within the meaning of § 1983," and that in creating this cause of action, "Congress . . . had no intention to disturb the States' Eleventh Amendment immunity."[23] "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek to remedy against a State for alleged deprivations of civil

---

[19] Utah Code § 26B-1-215(2) (emphasis added).

[20] *Id*. §§ 26B-6-503, -501, -401(10).

[21] *Id*. §§ 26B-6-402(1), 26B-1-204(3)(b)(iii).

[22] 42 U.S.C. § 1983.

[23] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 66 (1989); *see also Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996).

liberties."[24] Therefore, unless waived, the State of Utah is immune from suit under § 1983; and Plaintiff does not argue that Utah has waived such immunity here.

Likewise, state agencies or other governmental entities that are considered "arms of the state" are not considered "persons" under § 1983.[25] On the other hand, counties, municipalities, and other local government units are considered "persons" for purposes of § 1983.[26] "To determine the category into which a given entity falls, [the court] considers whether that entity is, or is not, an 'arm of the state.'"[27] This involves an analysis of four primary factors: first, "the character ascribed to the entity under state law"; second, "the autonomy accorded the entity under state law"; third, "the entity's finances[,]" including its "ability to issue bonds or levy taxes on its own behalf'"; and fourth, whether the entity is question "is concerned primarily with local or state affairs."[28]

Here, each factor supports that DHHS is an "arm of the state" not subject to § 1983. First, Utah law provides that DHHS "is created within state government,"[29] the purpose of which "is to consolidate into a single agency of state government all the functions previously exercised by the Department of Health and the Department of Human Services."[30] Second, DHHS does not operate independently of the State, as the executive director is appointed by the governor with

---

[24] *Will*, 491 U.S. at 66.

[25] *Id.* at 70; *Watson*, 75 F.3d at 574.

[26] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

[27] *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (citing *Mt. Healthy*, 429 U.S. at 280).

[28] *Id.* (citation omitted); *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999) (reiterating four factors for determining whether an entity is an arm of the state).

[29] Utah Code Ann. § 26B-1-201(1)

[30] *Id.* § 26B-1-103.

the advice and consent of the Senate, and is removable at will.[31] Third, DHHS does not have independent finances. Its budget is submitted by the governor to the legislature, and it must act consistent with legislative appropriations.[32] Fourth, DHHS's function, composition, and purpose are primarily concerned with state affairs. It is tasked to serve as the "health, health planning, medical assistance, and social services authority of the state," and is the "sole state agency" for the administration of many federally assisted programs and plans.[33] Accordingly, DHHS is an "arm of the state" under § 1983 and for purposes of Eleventh Amendment immunity.[34]

Plaintiff argues that State Defendants are still liable under § 1983 based on theories of supervisor liability and special-relationship liability. But such theories only apply to persons subject to suit under § 1983.[35] Accordingly, because the State of Utah and DHHS are immune from suit under § 1983, the Court will grant State Defendants' Motion as to Count I.

c. Fair Housing Act ("FHA") (Count II) and Premise Liability (Count III)

Plaintiff alleges that State Defendants are liable for their failure to prevent and protect Plaintiff from sexual assault in violation of the FHA and under a theory of premise liability. State Defendants assert that Utah and DHHS are immune.

---

[31] *Id*. § 26B-1-203(1)(a)–(b).

[32] *Id*. § 26B-1-210(1).

[33] *Id*. § 26B-1-201(2).

[34] *See Bradford v. SLC Police Dep't*, No. 2:09CV144 DAK, 2010 WL 681659, at *1 (D. Utah Feb. 23, 2010) (holding that the Utah Department of Health Services, DHHS's predecessor, was an agency of the state and immune from suit under the Eleventh Amendment); *Watson*, 75 F.3d at 576–77 (holding that the University of Utah and the University of Utah Medical Center are both arms of the state entitled to Eleventh Amendment immunity); *see also Sutton*, 173 F.3d at 1233 (holding that the Utah State School for the Deaf and Blind is an arm of the State for purposes of the Eleventh Amendment).

[35] *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006) (discussing supervisor liability for probation officers); *see also Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006) (discussing the circumstances under which a municipality may be liable for the actions of its officers, including when the claim is failure to act).

As discussed above, the Eleventh Amendment bars suits against states in federal court unless the state has waived its immunity or Congress has overridden it.[36] Additionally, such immunity extends to "arms of the state."[37] "This jurisdictional bar applies regardless of the nature of the relief sought."[38]

Congress did not abrogate the States' Eleventh Amendment immunity in passing the FHA,[39] nor has Utah waived immunity under the circumstances here.

The Governmental Immunity Act of Utah (the "Immunity Act") "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority."[40] "A governmental entity and an employee of a governmental entity retain immunity from suit unless that immunity has been expressly waived in [the Immunity Act]."[41] Utah waives immunity "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment."[42] Immunity is specifically retained, however, when an injury "arises out of or in connection with, or results from . . . assault, battery, . . . or a violation of civil rights"[43] The Utah Supreme Court has repeatedly held that "immunity is retained under the Utah

---

[36] *Will*, 491 U.S. at 66.

[37] *Mt. Healthy*, 429 U.S. at 280.

[38] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

[39] *Melton v. Okla. ex rel. Univ. of Okla.*, 532 F. Supp. 3d 1080, 1089 (W.D. Okla. 2021) ("Congress could have expressly abrogated sovereign immunity in the FHA, but it did not."); *McCardell v. U.S. Dep't of Hous. & Urb. Dev.*, 794 F.3d 510, 522 (5th Cir. 2015) ("We hold that Congress did not make clear an intent to abrogate States' Eleventh Amendment sovereign immunity from suits brought under the Fair Housing Act.") (collecting cases).

[40] Utah Code Ann. § 63G-7-101(2)(b).

[41] *Id*. § 63G-7-101(3).

[42] *Id*. § 63G-7-301(2)(i).

[43] *Id*. § 63G-7-201(4)(b).

Governmental Immunity Act if an assault or battery is involved, regardless of who the tortfeasor is, and even if the assault or battery occurs as the result of the negligence of the state or state agent."[44]

Because the FHA did not abrogate Utah's immunity, and because Plaintiff's injuries result from the assault and battery of Defendant Squire, State Defendants retain immunity under the Eleventh Amendment and Immunity Act. Accordingly, the Court will grant State Defendants' Motion as to Counts II and III.

In reaching this decision, the Court is "sympathetic to [Plaintiff's] plight."[45] As noted by the Utah Supreme Court, "[i]t is entirely within the legislature's power to permit all plaintiffs to whom the government owes a duty of care based on a special relationship to bring suit for injuries arising out of a breach of that duty."[46] "Nevertheless, the legislature has spoken with clarity on the question of immunity, and we are constrained by the plain language of the Act and [Utah] case law on this point."[47]

*d. Title IX (Count IV)*

Plaintiff alleges that State Defendants violated Title IX by failing to address Plaintiff's sexual assault within the Center. Title IX provides that:

> [n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.[48]

---

[44] *Sanders v. Leavitt*, 2001 UT 78, ¶ 29, 37 P.3d 1052.

[45] *Ledfors v. Emery Cnty. Sch. Dist.*, 849 P.2d 1162, 1167 (Utah 1993).

[46] *Id; see also Sanders*, 2001 UT 78, ¶¶ 43–44 (Durham, J., concurring) ("It is . . . disturbing . . . . [and] bizarre that the assault and battery rule should immunize from suit an agency whose primary function is protect vulnerable children from physical abuse and neglect.").

[47] *Ledfors,* 849 P.2d at 1167.

[48] 20 U.S.C. § 1681(a).

Congress broadly defined "program or activity" to "mean all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or of a local government."[49] Further, an entity need not be an "educational institution" to be covered by Title IX.[50] However, the program or activity must still be educational.

State Defendants argue that Plaintiff failed to allege that the Center operates as an "educational" program or activity. In her Complaint, Plaintiff alleges that "[the Center] is an educational institution that receives federal funding."[51] Although bare, given the Center is an instrumentality of the State and provides critical services to intellectually disabled persons, the allegations that the Center provides educational programs or activities and receives federal funding is "plausible on its face."[52]

State Defendants also contend that Plaintiff failed to allege deliberate indifference. "[A] recipient of federal funds may be liable in damages under Title IX only for its own misconduct."[53] Therefore, to establish institutional liability where the discrimination does not involve policy of the recipient entity, a plaintiff must also show that "an official who at minimum has authority to address the alleged discrimination . . . ha[d] actual knowledge of discrimination .

---

[49] *Id*. § 1687.

[50] *See* 34 CFR § 106.1 (stating that the purpose of Title IX is "to eliminate discrimination (with certain exceptions) the basis of sex in any education program or activity receiving Federal financial assistance, *whether or not such program or activity is offered or sponsored by an educational institution as defined in this part*") (emphasis added).

[51] Docket No. 1 ¶ 64.

[52] *Iqbal*, 556 U.S. at 678.

[53] *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640 (1999).

. . and fail[ed] adequately to respond" to the degree that such failure "amount[s] to deliberate indifference to discrimination."[54]

Plaintiff pleads that there were prior instances of and complaints about Defendant Squire's actions, that the Center did not have proper hiring practices or security measures in place to prevent the sexual assault, and that Defendants had actual or constructive knowledge of the risk of potential harm to its vulnerable residents.

Plaintiff has failed to plausibly allege that State Defendants had actual knowledge or were deliberately indifferent. In *Murrell v. School District No. 1, Denver*,[55] the Tenth Circuit interpreted Title IX's notice requirement to "require that a *school official* who possesse[s] the requisite control over the situation [to] ha[ve] actual knowledge of . . . the alleged harassment."[56]

The claim lacks facts regarding *who* received the complaints of alleged prior instances, *when* such complaints were received, or whether such person had the authority to correct the harassment. Accordingly, Plaintiff's allegation is conclusory and insufficient to survive a motion to dismiss. Plaintiff's consistent use of the collective term "State Defendants" without distinction among each individual defendant further highlights this deficiency.[57] As explained by the Tenth

---

[54] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).

[55] 186 F.3d 1238 (10th Cir. 1999).

[56] *Id.* at 1247 (emphasis added); *see Davis*, 526 U.S. at 633–35, 654 (reversing dismissal and finding that a school board may have actual knowledge where plaintiff made complaints of harassment to a teacher and principal); *Gebser*, 524 U.S. at 292–93 (holding that notice must be given to "an appropriate person" and finding no actual knowledge where wrongdoer was only one with knowledge); *Farmer v. Kan. State Univ.*, 918 F.3d 1094, 1104–05 (10th Cir. 2019) (finding that the plaintiffs had sufficiently pled actual knowledge based on the plaintiffs' reports of rape to the school).

[57] *See Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (finding that the plaintiffs failed to provide fair notice of the grounds of the claims because, by using the collective term "Defendants," it was impossible for each of the named defendants to ascertain what particular unconstitutional act they were alleged to have committed).

Circuit, compliance with Rule 8 requires that a pleading identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[58] Plaintiff's allegations fall short.

Further, assuming Plaintiff can adequately plead knowledge, she must also plead deliberate indifference. Deliberate indifference occurs "only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances."[59] It appears that Plaintiff's claim is based on the notion that Defendants had knowledge of complaints against Defendant Squire, but failed to take any action against him and, indeed, continued to allow him to be alone with Center residents. While a failure to take any action after receiving a complaint is likely sufficient to demonstrate deliberate indifference,[60] the allegations in the Complaint concerning Defendants' response to the alleged reports are nonexistent.

Based on the above analysis, the Court will grant State Defendants' Motion on Count IV. However, the Court will grant leave for Plaintiff to amend this claim.

//

---

[58] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[59] *Davis*, 526 U.S. at 648.

[60] *Id.* at 641 (indicating that liability could attach where a funding recipient chose to "remain idle in the face of known student-on-student harassment in its schools"); *Farmer*, 918 F.3d at 1104 ("Once a funding recipient . . . has actual knowledge of sexual harassment that is severe, pervasive and objectively offensive enough to deprive a student of access to the educational benefits and resources the recipient offers, the recipient cannot, acting with deliberate indifference, turn a blind eye to that harassment.") (citation omitted); *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1121–22 (10th Cir. 2008) ("This is not a situation where a school district learned of a problem and did nothing.").

*e. American with Disabilities Act ("ADA") (Count V)*

Plaintiff alleges that State Defendants violated the ADA by failing to provide a safe and accessible environment, reasonable accommodations, and protection for Plaintiff. Title II of the ADA provides that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.[61]

To succeed under Title II,

> a plaintiff must prove: (1) that he or she is a qualified individual with a disability; (2) that he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.[62]

State Defendants do not dispute that Plaintiff is a qualified individual with a disability. But State Defendants assert that Plaintiff fails to allege facts regarding the second and third elements. Without addressing the second element, the Court agrees that Plaintiff has failed to make any allegations that such discrimination was taken "by reason of" Plaintiff's disability in support of the third element. Further, Plaintiff fails to address Defendant's arguments for dismissal in her Response. For those reasons, the Court will grant State Defendants' Motion on Count V. However, the Court will grant Plaintiff leave to amend this claim.

*f. Negligence (Count VI), Gross Negligence (Count VII), Sexual Battery (Count VIII)*

To the extent Plaintiff seeks to hold State Defendants vicariously liable for the tort claims brought against Defendant Squire, State Defendants retain immunity for the reasons discussed above.

---

[61] 42 U.S.C. § 12132.

[62] *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (internal quotation marks and citation omitted).

## III. CONCLUSION

It is therefore

ORDERED that State Defendants' Motion to Dismiss (Docket No. 10) is GRANTED. It is further

ORDERED Plaintiff may file an amended Complaint as to Counts IV and V within fourteen (14) days from the date of this Order.

DATED March 10, 2026.

BY THE COURT:

_____
Ted Stewart
United States District Judge